IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GEORGE LIMBERHAND,<br><br>Plaintiff,<br><br>vs.<br><br>TURNKEY MEDICAL STAFF OF YELLOWSTONE COUNTY DETENTION FACILITY,<br><br>Defendants. | CV 23-121-BLG-SPW-TJC<br><br>ORDER |

Plaintiff George Limberhand filed a Complaint related to his medical treatment at Yellowstone County Detention Facility ("YCDF") in Billings, Montana (Doc. 2). The Court concluded that it failed to state a claim and directed Limberhand to file an Amended Complaint that complied with the Court's directions. (Doc. 15.) He did so. (Doc. 16.) The Amended Complaint similarly fails to state a claim and will be dismissed.

I. SCREENING STANDARD

Limberhand is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

1

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or

2

"amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. SCREENING ANALYSIS

### A. Parties

3

Limberhand is proceeding without counsel and in forma pauperis. He again names only "Turnkey Medical Staff" at Yellowstone County Detention Facility ("YCDF") as defendant. (Am. Cmplt., Doc. 16 at 2.)

### B. Allegations

Limberhand's Amended Complaint alleges that "on or about October 31, 2023," he made a complaint regarding his ostomy bag to Nurses Harris, Langley, and Stevenson, but that nothing was being done to "fix the problem." (Doc. 16 at 5.) Limberhand suggests that his wound is "trying to become infected." (Limberhand uses the word "womb" in various locations in his Amended Complaint but the Court assumes he means "wound.") (Doc. 16 at 5, 7.)

### C. Analysis

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State [...], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[..]

Therefore, a claim under § 1983 requires: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted).

4

As Limberhand is a pretrial detainee at the time of his Complaint, his claim is properly considered as a Fourteenth Amendment violation. A pretrial detainee's claim for violation of the right to adequate medical care is evaluated under an objective deliberate indifference standard under the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 118, 1124-24 (9th Cir. 2018). To sue an individual defendant, Limberhand must allege facts supporting an inference that each of the following elements exists:

1. The defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined;"

2. "[T]hose conditions put the plaintiff at substantial risk of suffering serious harm;"

3. The defendant "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious;" and

4. "[B]y not taking such measures, the defendant caused the plaintiff's injuries."

*Gordon*, 888 F.3d at 1125. Negligence is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A "mere lack of due care" does not violate the Constitution. Rather, Limberhand "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

For the following reasons, Limberhand's Amended Complaint fails to state a

claim for relief. First, Limberhand failed to comply with the explicit instructions of the Court's prior Order, in which it directed Limberhand to specify exactly what each defendant did or failed to do, and when. (Doc. 15 at 7.) The Order explained that he must be specific about exactly what each defendant did. *Id.* at 8. He has only stated that three nurses were "informed," but he fails to explain when they were informed, what actions showed indifference on their part, and what happened other than on October 31, 2023.

Second, the Court's Order explained that Limberhand must include all of his allegations within his Amended Complaint, and that evidence is not necessary at this point. Instead, Limberhand filed 53 pages of grievances and medical requests with his Amended Complaint. (Doc. 16-1.) The Court has reviewed these documents to see if they would elucidate his claims, and instead determined that they undermine Limberhand's sparse allegations. The documents reflect repeated requests from Limberhand regarding his ostomy bag, true, but they also show repeated responses from staff, either in providing him the equipment he sought, or in acknowledging his difficulty in acquiring equipment, or communicating his complaints with the persons he alleged were not responding properly. Specifically, the Court notes the only mention of a possible infection was October 26, 2023, and Limberhand received an appointment or treatment. (Doc. 16-1 at 32, 33.) (Doc. 16-1 at 23 – 53 consists of Medical Request Forms.) There are no other allegations

6

regarding an infection, nor are there any facts to support a plausible inference that staff were deliberately indifferent to Limberhand's medical needs. Limberhand has failed to plausibly allege that any person "did not take reasonable available measures to abate that risk [of serious harm], even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious." *Gordon*, 888 F.3d at 1125. The documents attached to Limberhand's Amended Complaint reflect a constant effort on the part of the staff to respond to his needs. Limberhand has failed to credibly allege otherwise.

## IV. CONCLUSION

The Court has considered whether Limberhand's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Limberhand's allegations fail to state a claim of a constitutional violation and will be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Limberhand's Amended Complaint is DISMISSED for failure to state a claim. The Clerk of Court is directed to close this matter and enter judgment.

2. The Clerk is directed to have the docket reflect that the filing of this matter counts as a strike against Limberhand under the "3-strikes" provision of 28

U.S.C. § 1915(g).

DATED this 22nd day of March, 2024.

*Susan P. Watters*
Susan P. Watters
United States District Court